IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. PRESCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:11-cv-203 ) JUDGE KIM R. GIBSON ) |
| R&L CARRIERS, INC., GREENWOOD MOTOR LINES d/b/a R&L CARRIERS, and R&L CARRIERS SHARED SERVICES, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

**I.    SYNOPSIS**

This matter comes before the Court on Protective Insurance Company's "Petition to Intervene" (hereinafter "Petition to Intervene" or "Motion") (Doc. No. 29). Protective Insurance Company seeks leave to intervene as a party Plaintiff in this action pursuant to Federal Rule of Civil Procedure 24. Neither Plaintiff nor Defendants have opposed the Motion. (See generally Docket Report.) For the reasons that follow, the Court will **DENY** Protective Insurance Company's Motion.

**II.    JURISDICTION AND VENUE**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Venue is proper pursuant to 28 U.S.C. § 1441(a).[1]

**III.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises from an automobile accident that occurred while Plaintiff was

---

[1] Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

1

operating a commercial tractor pursuant to a Line Haul Contractor Operating Agreement with FedEx Ground Package System, Inc. (See Doc. No. 1-2 at 1, 5.) Plaintiff alleges that as a result of actions and/or omissions by Defendants, Plaintiff suffered severe, disabling and painful permanent injuries. (See Doc. No. 1-2 at 8.) Protective Insurance Company (hereinafter "Petitioner") is the work accident insurer of Plaintiff. (See Doc. No. 29 at 1.) Petitioner alleges it has paid Plaintiff's medical bills and indemnity benefits pursuant to the insurance policy (Doc. No. 29-1) and alleges the policy gives Petitioner subrogation rights in the third party action brought by Plaintiff. (See Doc. No. 29 at 2.) Petitioner also alleges its rights will be impaired if it is not included as a party to this case and therefore seeks to intervene as a matter of right pursuant to Rule 24(a) (see Doc. No. 29 at 3), or in the alternative, seeks to be permitted to intervene pursuant to Rule 24(b) (see Doc. No. 29 at 4).

## IV. STANDARD OF REVIEW

The right of a nonparty to intervene in a lawsuit, either as a matter of right or with permission from the Court, is governed by the Federal Rules of Civil Procedure, Rule 24. Rule 24 states, in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
> > . . .
> > (B) has a claim or defense that shares with the main action a common question of law or fact.
> > . . .

2

> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Interpreting Rule 24, the Third Circuit has explained that a non-party is permitted to intervene *as a matter of right* pursuant to Rule 24(a)(2), only if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592 (3d Cir. 1987)). Each of these requirements must be met for a non-party to intervene as of right. *Id.*

## V. DISCUSSION

Petitioner asserts it should be permitted to intervene in this matter as of right pursuant to Rule 24(a)(2). (Doc. No. 29 at 3.) In the alternative, Petitioner seeks permission to intervene pursuant to Rule 24(b). (Doc. No. 29 at 4.) The Court will address each request in turn.

### A. Intervention as of Right—Rule 24(a)(2)

The Court begins its analysis with the last requirement for intervention as of right—the requirement that the non-party's interest is not adequately represented by an existing party in the litigation. An examination of adequacy of representation "entails looking to such factors as proof of collusion between the representative and the opposing party, any adverse interest between the applicant and the representative, and whether there is any indication that the representative has been less than diligent in prosecuting the litigation." *Olden v. Altair Airlines, Inc.*, 619 F.2d 271, 273 (3d Cir. 1980). The applicant has the burden of showing that the representation of its interest "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); see also *Olden*, 619 F.2d at 273; *Benjamin v. Dep't of Pub. Welfare of Pa.*,

3

Nos. 11-3684 and 11-3685, 2012 U.S. App. LEXIS 25357 (3d Cir. 2012), at *53 ("Appellants must establish inadequacy of representation in order to intervene as of right under Rule 24(a)(2)").

Although the burden of making this showing is minimal, *Trbovich*, 404 U.S. at 538 n.10, here Petitioner has not alleged facts relating to any of the above listed factors relevant to an examination of the adequacy of representation. In asserting that the final requirement of intervention as of right is satisfied, Petitioner has merely stated that "[t]he existing parties to the action do not represent the Petitioner's interest." (See Doc. No. 29 at 3; Doc. No. 30 at 4.) Beyond this conclusory allegation, Petitioner has provided the Court with no information about why the existing parties do not adequately represent its interest and therefore has failed to show that the representation of his interest may be inadequate. See *Olden*, 619 F.2d at 275 (upholding district court's denial of workmen's compensation carrier's petition to intervene as of right where district court found plaintiff's counsel competent and petitioner had not shown a conflict between itself and plaintiff; observing that in the event a conflict arises after a verdict is reached, petitioner would have "ample opportunity to protect its interests" at that time); *McGinnis v. United Bolt & Screw Corp.*, 637 F. Supp. 9, 11 (E.D. Pa. 1985) (denying intervention as of right where petitioner did not demonstrate its interest was not adequately protected by plaintiff; finding that petitioner alleged no specific facts showing such factors as collusion, adverse interest between the intervenor and the representative, and representative's lack of diligence in prosecuting the action). *Simmons v. Paran Management Co.*, No. 1:11-CV-415, 2011 U.S. Dist. LEXIS 78947, at *8 n.4 (M.D. Pa. Jul. 20, 2011), which Petitioner cites in support of its Petition to Intervene is distinguishable. There, the Court observed that, under Georgia law, "failure by [petitioner] to intervene in this action may bar it from seeking to collect on its subrogation lien in

4

a later action." Petitioner has not shown that such a concern is present in this case. Because all of the factors of Rule 24(a)(2) must be met in order for a non-party to intervene *as a matter of right*, see *Mountain Top Condo. Ass'n*, 72 F.3d at 366, the Court concludes that Petitioner has failed to establish a right to intervene.[2]

### B.     Permissive Intervention as of Right—Rule 24(b)

Plaintiff alternatively seeks leave to intervene pursuant Rule 24(b) (see Doc. No. 29 at 4). Rule 24(b) provides that, on timely motion, the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The Rule further requires that the Court, in exercising its discretion, "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The timeliness of a motion to intervene, whether of right or by permission, is "'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of it sound discretion.'" *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (quoting *NAACP v. New York*, 413 U.S. 345, 366 (1973)). To determine whether an intervention motion is timely, the Third Circuit has listed three factors for courts to consider: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. *Mountain Top Condo. Ass'n*, 72 F.3d at 369 (citing *In re Fine Paper Antitrust*

---

[2] The Court further notes that Petitioner fails to adequately explain why Petitioner's interest will be impaired by disposition of the underlying action. Petitioner alleges that it "will not have a remedy if the case is settled or adjudicated without Petitioner's rights being protected." (Doc. No. 29 at 3.) The Court notes, without deciding, that Petitioner appears to have a contractual, and may possibly have a statutory, subrogation claim (although any statutory claim is necessarily dependent on the choice of law that governs Petitioner's claim, see *Olden v. Altair Airlines, Inc.*, 619 F.2d 271, 273 (3d Cir. 1980),—a matter not yet resolved in this action). (See Doc. No. 29-1 at 19); see generally Pennsylvania Workers' Compensation Act § 319, 77 Pa. Cons. Stat. § 671 (2012). Petitioner advances no facts to suggest that Plaintiff will fail to honor its contractual and/or statutory subrogation claim nor does Petitioner advance any other reason as to why it will not have a remedy if the case is settled or adjudicated without Petitioner.

5

*Litig.*, 695 F.2d at 500). The mere passage of time does not render a petition to intervene untimely. *Id.*

Here, Petitioner moved to intervene in this action approximately one year and one month after the action was removed to federal court and approximately five months after this Court denied Plaintiff's Motion to Remand to State Court (Doc. No. 3) through its May 15, 2012 Memorandum Opinion and Order (Doc. No. 7).[3] (See Docket Report entries 1, 4, 7, 29.) During this period, the parties have engaged in discovery but have not participated in Alternative Dispute Resolution or filed dispositive motions. (See generally Docket Report.) The Court finds no reason why Petitioner's relatively insignificant delay will prejudice the parties. Although Petitioner asserts no reason for the delay in filing the present Motion, the Court notes that the Petition to Intervene was filed not long after the Plaintiff's Motion to Remand (Doc. No. 3) was decided. Thus, in consideration of the circumstances, the Court finds Petitioner's Motion timely.

With respect to Rule 24(b)(3)'s requirement that the Court consider whether intervention will delay or prejudice the adjudication of the original parties' rights, considering the present stage of the proceedings, the Court finds no reason why intervention will unduly delay the adjudication of the original parties' rights. However, the Court finds there a possibility that permitting Petitioner to intervene will result in prejudice to Plaintiff. As the Third Circuit acknowledged in *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271 (3d Cir. 1980), and the Eastern District explained in *McGinnis v. United Bolt & Screw Corp.*, 637 F. Supp. 9, (E.D. Pa. 1985), "the presence of an insurance carrier as a party at trial might lead to the prejudicial disclosure of the existence of workmen's compensation." *McGinnis*, 637 F. Supp. at 11; *Olden*,

---

[3] In Petitioner's "Memorandum of Law in Support of Its Petition to Intervene" (Doc. No. 30), Petitioner alleges that its petition was filed less than a month after this action was "transferred" [*sic*] to federal court. (See Doc. No. 30 at 4.) This statement is not reflected in the Docket and appears to stem from Petitioner's erroneous belief that this case was removed to this Court on September 12, 2012. (See Doc. No. 30 at 2; Docket Report at 1, 4.)

619 F.2d at 273, 275. To the extent that the presence of the compensation carrier might facilitate settlement, "there is no reason that [Petitioner] must become a *party* to participate in such discussions, and indeed as a general rule the compensation carrier participates in settlement negotiations in the underlying tort suit without attempting to formally intervene." *McGinnis*, 637 F. Supp. at 11. Petitioner has not alleged any obstacle to its participation or involvement in settlement negotiations. Additionally, Petitioner's involvement does not bear on the underlying questions of liability and, as Petitioner has not demonstrated otherwise, it appears Petitioner may adequately protect its rights in a separate action. Therefore, the Court, in its discretion, also denies Petitioner's request to intervene pursuant to Rule 24(b).

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner has failed to establish a right to intervene pursuant to Rule 24(a)(2) and the Court, in its discretion, denies Petitioner's request to intervene pursuant to Rule 24(b). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. PRESCOTT,<br><br>               Plaintiff,<br><br>v.<br><br>R&L CARRIERS, INC., GREENWOOD MOTOR LINES d/b/a R&L CARRIERS, and R&L CARRIERS SHARED SERVICES, LLC,<br><br>               Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:11-cv-203<br>) JUDGE KIM R. GIBSON<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

AND NOW, this 15th day of January 2013, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that Petitioner Protective Insurance Company's "Petition to Intervene" (Doc. No. 29) is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE