# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM M. PRESCOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 3:11-203** |
| **v.** ) | |
| ) | **JUDGE KIM R. GIBSON** |
| **R&L TRANSFER, INC., GREENWOOD,** ) | |
| **MOTOR LINES d/b/a R&L CARRIERS,** ) | |
| **and R&L CARRIERS SHARED** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court in this matter are (1) Plaintiff's motion (ECF No. 120) to exclude hearsay conversations between Luke French and Clark Mead; (2) Plaintiff's motion (ECF No. 119) to exclude hearsay conversations between James Reese and Clark Mead; (3) Plaintiff's motion (ECF No. 122) to exclude unreliable hearsay testimony of Robert Thomas; (4) Plaintiff's motion (ECF No. 123) to exclude lay person opinion of Robert Thomas; (5) Plaintiff's motion (ECF No. 125) to exclude hearsay conversations between Linda Mead and Clark Mead; (6) Defendants' motion (ECF No. 136) to exclude hearsay statements from non-party witnesses; and (7) Defendants' motion (ECF No. 133) to preclude evidence or testimony of other incidents or acts.[1] The parties have filed a response to each of the pending motions. (*See* ECF Nos. 158, 154, 149, 150, 155, 147, and

---

[1] In addition to the seven motions addressed in this Order (ECF Nos. 120, 119, 122, 123, 125, 136, and 133), the parties have filed several other motions in limine and *Daubert* motions. The Court will address those additional motions in a separate order.

141). The motions have been fully briefed, and the Court held oral argument on March 19, 2015. Thus, the motions are ripe for disposition.

This case arises from personal injuries sustained by Plaintiff after the tractor-trailer that he was driving left the roadway and crashed in an embankment. Plaintiff alleges that Clark Mead, an employee of R&L who was driving a tractor-trailer, forced Plaintiff off the road, causing the accident. The Court previously set forth the relevant background of this case in its Memorandum Opinion on the parties' cross-motions for summary judgement. (*See* ECF No. 170 at 2-6). Trial in this matter is currently scheduled to begin on September 8, 2015. The Court will separately address each of the pending motions listed above.

### *(1) Hearsay Conversation between French and Mead (ECF No. 120)*

Plaintiff has filed a motion (ECF No. 120) to exclude testimony by Luke French regarding a cell phone conversation between French and Clark Mead as hearsay under Rule 801(c). French and Mead were both R&L truck drivers. Plaintiff has alleged that Mead forced him off the road, causing the accident. Mead passed away before he could be deposed. Plaintiff now seeks to introduce testimony by French regarding certain statements made by Mead following the accident during a phone conversation.

According to Plaintiff, a cell phone conversation took place between French and Mead approximately forty minutes after the accident. (ECF No. 120 at 2). Plaintiff asserts that Defendants will introduce French's testimony concerning what Mead told him during the phone conversation about the accident. Among the testimony that Defendants will introduce is the following testimony from French's deposition:

2

Q.    What is it that Clark Mead tells you?

A.    He told me – I asked him what happened. He told me that he was
following the guy and he seen him go off the road. And he
stopped, and him and the other drivers that had stopped went
down and pulled the guy out of the – out of the burning truck.

Q.    What did he tell you that he saw? What did he tell you?

A.    That he pulled the guy out of the burning wreck and he was kind
of upset – pretty upset. He was saying the guy's flesh was coming
off in his hands as he was pulling on his arm and . . .

Q.    Did Clark Mead say he actually went to the cab and helped pull
the driver out?

A.    Yes, he did.

(ECF No. 120-2 at 7-8). Plaintiff argues that any statements made by Mead to French

during this phone conversation are "plainly outlandish hearsay" and that French's

testimony is "clearly full of self-serving fabricated out-of-court statements" and not fit for

the jury. (ECF No. 120 at 3, 5). In response, Defendants argue that Mead's statements to

French during the phone conversation are admissible under the excited utterance

exception to the hearsay rule, the present sense impression exception, and the residual

exception. (*See* ECF No. 158).

Hearsay is "a statement that (1) the declarant does not make while testifying at the

current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter

asserted." Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible at trial unless

otherwise provided by statute, the Federal Rules of Evidence, or other rules prescribed by

the United States Supreme Court. Fed. R. Evid. 802.

Rule 803(1) provides an exception to the hearsay rule for a "present sense impression" when "[a] statement describing or explaining an event or condition [is] made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Before hearsay evidence may be admitted as a present sense impression, three requirements must be met: (1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous. *See United States v. Mitchell*, 145 F. 3d 572, 576 (3d Cir. 1998).

Likewise, Rule 803(2) provides an exception to the hearsay rule for an "excited utterance" when "[a] statement relating to a startling event or condition [was] made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). For a hearsay statement to qualify as an excited utterance, the party seeking to introduce the statement must show each of the following: (1) a startling event occurred, (2) a statement relating to the circumstances of the startling event was made, (3) the declarant making the statement must have had an opportunity to personally observe the events, and (4) the statement was made before the declarant had time to reflect and fabricate. *Mitchell*, 145 F. 3d at 576 (citation omitted). "The rationale for the excited utterance exception lies in the notion that excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self interest and therefore rendered unreliable." *United States v. Brown*, 254 F. 3d 454, 458 (3d Cir. 2001).

4

Here, the Court finds that Mead's statements to French constitute an excited utterance and are therefore admissible. First, the traffic accident—which involved a tractor-trailer crashing in an embankment and catching fire, severely burning the driver to the point that Mead observed that "the guy's flesh was coming off"—constitutes a startling occasion. Second, Mead made a statement to French about the startling occasion, detailing the traumatic injuries he observed and his role in helping the victim. Third, Mead was present at the accident scene, where he personally observed the startling occasion. Thus, the only disputed issue is whether Mead had the time to reflect and fabricate before he made his statement to French.

Plaintiff argues that Mead, by the time he initiated the phone call to French, had sufficient opportunity to reflect and fabricate a story. According to Plaintiff, nearly forty minutes elapsed between the time of the accident and Mead's phone call to French. Plaintiff's argument, however, unduly stretches the timeline of events. As demonstrated by the exhibits in the record, the accident occurred at approximately 12:35 a.m. Luke French drove by the accident at approximately 12:45 a.m. and observed Mead's R&L truck parked on the side of the road. During the time that he was at the scene of the accident, Mead, along with two other truck drivers, pulled Plaintiff out of his burning truck and carried him away to safety to await medical personnel.[2] At some point in time, Mead left the scene of the accident in his truck. Mead then placed a phone call to French at 12:58 a.m. Thus, Plaintiff's assertion that more than 40 minutes elapsed between Mead's

---

[2] The parties dispute who actually pulled Plaintiff out of his truck and what role Mead actually played in rescuing Plaintiff and moving him to safety. This issue is irrelevant for determining the instant motion. The important fact is that Mead was present at the scene of the accident observing the startling event, after which he called French within minutes of leaving the scene.

5

observation of the traumatic events that occurred and his phone call to French is without merit. The phone records clearly show that only 23 minutes passed between the time that the accident initially occurred and when Mead placed his call to French. Additionally, during that 23 minute window of time, Mead was involved to some extent in aiding the other truck drivers in moving Plaintiff to safety, at which time, Mead observed Plaintiff's traumatic injuries. The shortness of time between Mead's phone call to French and his observations of the accident and the Plaintiff's injuries falls within the time limitation imposed by Rule 803(2). *See United States v. Mitchell,* 145 F. 3d 572, 577 (3d Cir. 1998) (noting that a 40 minute time span might be too long while a 15 to 20 minute time span would not be too long) (collecting cases).

Plaintiff also argues that, because Mead was able to drive away from the accident, he must have had time to reflect and fabricate. However, there is no indication in the record that Mead had time to reflect on what happened. Mead made a phone call to French almost immediately after leaving the scene of the accident. While the precise timing is not evident from the record, based on all of the evidence before the Court, it could not have been more than a few minutes. Furthermore, French testified in his deposition that Mead was upset, excited, and not his normal self during their cell phone conversation, thus evidencing that Mead was still under the stress and excitement of the startling occurrence during their conversation. *See United States v. Brown,* 254 F. 3d 454, 460 (3d Cir. 2001) ("Fed. R. Evid. 803(2) does not require that, in order to be admissible, the statement be contemporaneous with the startling event, but rather only with the excitement caused by the event.").

French's testimony regarding Mead's statements made soon after the accident is admissible as Mead's statements constitute an excited utterance. Accordingly, Plaintiff's motion is **DENIED**.

### *(2) Hearsay Conversation between Reese and Mead (ECF No. 119)*

Plaintiff has filed a motion (ECF No. 119) to exclude James Reese's testimony concerning a cell phone conversation that he had with Clark Mead. (*Id.* at 3). Plaintiff contends that Reese's testimony is inadmissible hearsay. (*Id.* at 4). In response, Defendant argues that Mead's statements to Reese are admissible under the residual exception (Rule 807) to the hearsay rule. (*See* ECF No. 154 at 4).

Reese and Mead were both truck drivers for R&L. The two men had a close friendship and spoke often on the phone. (ECF No. 119-2 at 3). At some point in time following Plaintiff's accident, Mead discussed his observations of the accident with Reese. At his deposition, Reese testified that Mead graphically described Plaintiff's injuries and explained how he aided in the rescue effort. (ECF No. 119-2 at 5). The parties disagree about when the conversations between Reese and Mead took place. Plaintiff contends that the conversation between Reese and Mead did not take place until three days after the accident. (ECF No. 119 at 3-4). Reese testified at his deposition that he thought the conversation took place contemporaneously with or soon after the accident. However, the phone records submitted as exhibits show that there were three phone calls between Mead and Reese several hours after the accident. The first call occurred at 6:27 a.m. and lasted two minutes. (*See* ECF No. 119-2 at 119). A second call at 7:23 a.m. lasted only one

7

minute. (*Id*.). And, at 8:14 a.m., Mead and Reese engaged in an extended conversation for 63 minutes. (*Id*.). Given the amount of time between the time of the accident and the time that Mead placed his calls to Reese, neither the present sense impression nor the excited utterance exceptions to the hearsay rule apply.

Instead, Defendants contend that the residual exception to the hearsay rule applies. Under Federal Rule of Evidence 807, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by another hearsay exception if certain requirements are met:

(1)     the statement has equivalent circumstantial guarantees of trustworthiness;

(2)     it is offered as evidence of a material fact;

(3)     it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4)     admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807. Additionally, Rule 807 requires that the proponent of the hearsay statement must provide sufficient notice to the adverse party. *See* Fed. R. Evid. 807(b). Thus, "under the language of the rule, the evidence must fulfill five requirements: trustworthiness, materiality, probative importance, interest of justice, and notice." *Coyle v. Kristjan Palusalu Maritime Co. Ltd.*, 83 F. Supp. 2d 535, 545 (E.D. Pa. 2000), aff'd 254 F. 3d 1077 (3rd Cir. 2001). The residual exception is "to be used only rarely, and in exceptional circumstances" and should "apply only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are

8

present." *United States v. Bailey*, 581 F. 2d 341, 347 (3d Cir. 1978); *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F. 3d 79, 112 n.17 (3d Cir. 2001*)*. To determine whether sufficient guarantees of trustworthiness are present, the Court must balance several factors:

> (1) the declarant was known and named; (2) the statement was made under oath; (3) the declarant knew his assertions were subject to cross-examination; (4) the statement was based on personal knowledge; (5) the declarant had motivation to lie; (6) the statement was corroborated; and (7) the declarant was qualified to make the assertion.

*United States v. Wilson*, 281 F. App'x 96, 99 (3d Cir. 2008); *Brown ex rel. Estate of Brown v. Philip Morris Inc.*, 228 F. Supp. 2d 506, 511 (D.N.J. 2002).

After balancing the factors above, the Court finds that Mead's statement to Reese lacks sufficient guarantees of trustworthiness and is therefore not admissible under Rule 807. Importantly, Mead's statements were not made under oath and he was never deposed or subject to cross-examination concerning his statements. Instead, the hearsay statements were made during a phone conversation several hours after the accident. While the conversations between Mead and Reese occurred during the morning following the accident, Mead had an opportunity during that interval of time to reflect on what he had observed. It is this interval of time and opportunity to reflect and fabricate that render the excited utterance and present sense impression exceptions inapplicable. For the same reason, the residual exception should not apply. Therefore, Plaintiff's motion to preclude the hearsay statements of Mead during his phone conversation with Reese is **GRANTED**.

### (3) *Hearsay Conversation between Thomas and Mead (ECF No. 122)*

Plaintiff has filed a motion (ECF No. 122) to exclude Robert Thomas's testimony about a conversation he had with Clark Mead at the R&L "yard" during the morning following the accident. (*Id.* at 3). Like Mead, Thomas was a driver for R&L and traveled the same route. At his deposition, Thomas testified that Mead told him about the accident during the early morning hours after the accident occurred, describing Plaintiff's injuries and explaining his involvement in the rescue effort. Plaintiff contends that Thomas's testimony is inadmissible hearsay. In response, Defendants argue that the statements are admissible under the residual exception to the hearsay rule. (*See* ECF No. 149 at 3).

The legal principles for evaluating the residual exception to the hearsay rule are set out in the section above. Having balanced the relevant factors, the Court finds that Thomas's testimony regarding Mead's hearsay statements is not admissible under the residual exception. As before, the critical issue here is that Mead's statements were not made under oath nor were they subject to any cross-examination. Mead's statements to Thomas took place several hours after the accident, and thus Mead had opportunity to reflect on what had happened, which calls into question the statements' guarantees of trustworthiness without affording an opportunity to Plaintiff for cross-examination to test the statements.

Accordingly, Thomas's testimony concerning hearsay statements by Mead is not admissible at trial under Rule 807 because the statements lack sufficient guarantees of trustworthiness. Thus, Plaintiff's motion to exclude the hearsay testimony of Robert Thomas is **GRANTED**.

10

#### (4) *Lay Person Opinions from Robert Thomas (ECF No. 123)*

Plaintiff has filed a motion (ECF No. 123) to exclude the lay person opinions of Robert Thomas. Plaintiff contends that Thomas will testify concerning his opinion regarding tire marks that he observed at the scene of Plaintiff's accident. Thomas, an R&L truck driver, passed the scene of the accident at 10:00 a.m. on July 14, 2009, approximately 9.5 hours after the accident took place. At his deposition, Thomas testified that, as he drove past the accident at 65 miles-per-hour, he observed tire marks on the grass. Thomas opined that, based on his experiences, the tire marks that he observed were indicative of a driver falling asleep at the wheel. Plaintiff argues that such lay opinion testimony is inadmissible under Rule 701. (*Id.* at 2). In response, Defendants argue that the testimony of Thomas is proper opinion testimony under Rule 701 based on his own observations and experiences. (ECF No. 150).

Federal Rule of Evidence 701 governs the opinion testimony of a lay witness. A lay witness may testify as to his or her opinions if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Rule 701 permits a lay witness to offer an opinion on the basis of facts that the witness has perceived, provided that that the opinion is well founded on personal knowledge and subject to cross-examination. *Teen-Ed, Inc. v. Kimball Intern., Inc.,* 620 F. 2d 399, 403 (3d Cir. 1980); *Hirst v. Inverness Hotel Corp.,* 544 F. 3d 221, 225 (3d Cir. 2008).

11

Here, the opinion proffered by Thomas fails to satisfy the requirements of Rule 701. First, Defendants have failed to show that Thomas has any "firsthand knowledge of the factual predicates that form the basis for the opinion." *V.I. v. Knight*, 989 F. 2d 619, 629 (3d Cir. 1993). Thomas simply observed what he believed to be tire marks when he drove past the accident scene—he has no other firsthand knowledge of any other factual predicates. While Thomas may testify concerning his personal observations of the accident scene as he drove past, his observations are insufficient to constitute the necessary basis for the opinion that he intends to offer. Second, such testimony would not be helpful to the trier of fact in determining a fact in issue—namely, whether the Plaintiff fell asleep at the wheel. Indeed, "seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'" *Hirst v. Inverness Hotel Corp.*, 544 F. 3d 221, 226 (3d Cir. 2008) (quoting *Mitroff v. Xomox Corp.*, 797 F. 2d 271, 276 (6th Cir. 1986)). Allowing Thomas to offer an opinion concerning the cause of the accident implicates the ultimate issue in this case, which is not appropriate for a lay witness opinion.

Therefore, Thomas's lay witness opinion concerning the tire marks that he observed at the accident scene is not admissible opinion testimony under Rule 701. Accordingly, Plaintiff's motion to exclude the lay opinion of Thomas is **GRANTED**.

### *(5) Hearsay Conversation between Linda Mead and Clark Mead (ECF No. 125)*

Plaintiff has filed a motion (ECF No. 125) to exclude a hearsay conversation between Linda Mead and Clark Mead. At her deposition, Linda Mead testified that sometime around 7:00 a.m. in the morning after the accident, approximately 7 hours after the accident, Clark Mead came home and described his observations of the accident and the rescue effort to his wife. Plaintiff now seeks to exclude Clark Mead's statements to Linda Mead as inadmissible hearsay. In response, Defendants argue that Linda Mead's testimony concerning Clark Mead's statements to her are admissible under the excited utterance exception and under the residual exception to the hearsay rule. (ECF No. 155).

The Court has set forth in detail in the sections above the relevant legal standard for evaluating both of these exceptions to the hearsay rule. Under Rule 803(2), for a hearsay statement to qualify as an excited utterance, the party seeking to introduce the statement must show each of the following: (1) a startling event occurred, (2) a statement relating to the circumstances of the startling event was made, (3) the declarant making the statement must have had an opportunity to personally observe the events, and (4) the statement was made before the declarant had time to reflect and fabricate. Here, Defendants have failed to show that Clark Mead's statements to his wife are admissible as an excited utterance. Several hours passed between the startling event and the declarant's statement. During this time, Clark Mead talked to several other individuals about the accident, thus having the opportunity to reflect on his observations and experiences and to retell his understanding of events. Because Clark Mead had an opportunity to reflect on the events surrounding the accident and fabricate a story, his hearsay statements to his

13

wife are untrustworthy and do not satisfy the requirements of the excited utterance exception.

Similarly, Clark Mead's hearsay statements do not satisfy the stringent requirements of the residual exception. Under Rule 807(b), a hearsay statement may be admissible if five requirements are met: trustworthiness, materiality, probative importance, interest of justice, and notice. Here, the several hour interval between Plaintiff's accident and Clark Mead's statements to his wife calls the trustworthiness of the statements into question, particularly given the fact that Mead had an opportunity to rehearse his statement to other individuals before speaking to his wife. Under these circumstances, Clark Mead's hearsay statements to his wife are not supported by sufficient guarantees of trustworthiness to be admitted under the residual exception.

Accordingly, Clark Mead's hearsay statements to Linda Mead are not admissible under any exception to the hearsay rule. Thus, Plaintiff's motion to exclude Linda Mead's testimony regarding Clark Mead's hearsay statements is **GRANTED**.

### *(6) Hearsay statements from non-party witnesses (ECF No. 136)*

Defendants have filed a motion (ECF No. 136) to preclude hearsay statements of several non-party witnesses: David Desrosiers, Barbara Bennett, Andrea Wise, Jeff Jones, Ron Rader, and Steven Page. According to Defendants, each of these witnesses will testify concerning hearsay statements that Plaintiff, William Prescott, made following the accident, all related to Plaintiff's assertion that Clark Mead caused the accident.

14

As explained above, hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible at trial unless otherwise provided by statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 802. The Court will separately evaluate the hearsay statements for each of the witnesses listed above.

David Desrosiers was a commercial truck driver who was present at the scene of the accident and assisted in rescuing Plaintiff. At his deposition, Desrosiers testified that as he and the other truck drivers were moving Plaintiff to safety after pulling him from his truck, he heard Plaintiff say "I was cut off. I was cut off." (ECF No. 136-6 at 3). Defendants argue that this statement is inadmissible hearsay, noting that only Desrosiers claims to have heard Plaintiff say he was cut off, even though two other individuals were present. (ECF No. 136 at 5). Plaintiff argues that the statement is admissible as either a present sense impression or an excited utterance. (ECF No. 147 at 5-8).

Rule 803(1) provides an exception to the hearsay rule for a "present sense impression" when "[a] statement describing or explaining an event or condition [is] made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Likewise, Rule 803(2) provides an exception to the hearsay rule for an "excited utterance" when "[a] statement relating to a startling event or condition [was] made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). Here, Plaintiff's exclamation that he was cut off satisfies the requirements for a present sense impression.

15

*See United States v. Mitchell*, 145 F. 3d 572, 576 (3d Cir. 1998). First, Plaintiff personally perceived the event described—that he was cut off by another driver. Second, Plaintiff's declaration is an explanation of the event and not a narration—he was explaining that he was cut off by another driver, causing him to run off the road. Finally, Plaintiff's declaration that he was cut off is contemporaneous with the event he described. Plaintiff made the statement after he was pulled from the burning truck, mere moments after his truck went off the road. Thus, his statement is a contemporaneous statement describing an event immediately after it had happened. Likewise, Plaintiff's hearsay statement would qualify as an excited utterance because the accident was a startling event, Plaintiff made a statement relating to the circumstances of that startling event, Plaintiff personally observed the event, and Plaintiff made his statement before he had time to reflect and fabricate. *Mitchell*, 145 F. 3d at 576; *United States v. Brown*, 254 F. 3d 454, 458 (3d Cir. 2001). Accordingly, Desrosier's testimony that Plaintiff stated that he was cut off is admissible as a hearsay exception.

Barbara Bennett, Plaintiff's daughter, and Andrea Wise, Bennett's friend, testified that when Plaintiff came out of his coma four months after the accident, he exclaimed that a "green truck . . . sucked me up and pushed me off the road." (ECF No. 136-9 at 3). Defendants contend that this statement is hearsay, not within an exception, noting that Plaintiff is available to testify concerning his version of events. (ECF No. 136 at 6). Plaintiff argues that the testimony is admissible as an excited utterance. (ECF No. 147 at 9). The Court finds that the testimony concerning Plaintiff's statement is inadmissible hearsay. Rule 803(2) requires the declarant to be under the stress of excitement that the

16

event caused when making the statement. Plaintiff made his statement nearly four months after the accident. Plaintiff concedes that he was "in and out of a coma" during that time. (ECF No. 147 at 9). The fact that such a significant amount of time passed between the accident and when Plaintiff made his statement, coupled with the fact that Plaintiff was "in and out of a coma," calls into question the spontaneity and trustworthiness of the statement. Accordingly, Bennett's and Wise's testimony concerning Plaintiff's statement will be excluded.

Next, Defendants object to certain testimony of Jeff Jones regarding Plaintiff's statements. Jones was an investigator hired by Plaintiff's attorney, who testified at his deposition that Plaintiff told him that he did not fall asleep on the night of the accident and that he was pushed off the road by another commercial vehicle. (ECF No. 136-11 at 3). Plaintiff argues that the testimony is admissible under the residual exception to the hearsay rule. (ECF No. 147 at 10). Rule 807 requires that, to be admissible under the residual exception, a proffered statement must fulfill five requirements: trustworthiness, materiality, probative importance, interest of justice, and notice. *Coyle v. Kristjan Palusalu Maritime Co. Ltd.*, 83 F. Supp. 2d 535, 545 (E.D. Pa. 2000). Here, Jones was hired by Plaintiff to conduct an investigation of the accident. Jones interviewed Plaintiff. However, this interview does not appear to have been under oath, nor was Plaintiff subject to cross-examination. Also, Plaintiff testified at his deposition that he did not recall hiring Jones nor speaking with Jones about the accident. (*See* 136-8 at 6-9). Thus, Plaintiff's statement to Jones lacks the circumstantial guarantees of trustworthiness required by Rule 807. Additionally, Rule 807 requires that, for a statement to be

17

admissible under the residual exception, the statement must be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Here, Plaintiff may testify as to what happened—his testimony is far more probative on the point of whether his truck was run off the road. Accordingly, for these reasons, Jones will not be permitted to testify concerning Plaintiff's hearsay statement.

Finally, Ron Rader and Stephen Page are expected to testify concerning a statement by Plaintiff that a green truck forced him off the road. (ECF No. 136 at 7). However, both of these men heard about Plaintiff's statement from Bennett. Thus, Defendants contend that both Rader's and Page's testimony are inadmissible as hearsay within hearsay. Under Rule 805, "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. Plaintiff argues that the statements will not be admitted to prove the truth of the matter asserted, but will be presented solely for the purpose of showing that the statements were made by Bennett. (ECF No. 147 at 11). Nevertheless, Plaintiff has failed to show that each level of the hearsay statements is admissible, and therefore, Rader and Page will not be permitted to testify about the hearsay statements that they heard from Bennett.

Accordingly, Defendants' motion to preclude hearsay statements of non-party witnesses will be **GRANTED** in part and **DENIED** in part. David Desrosiers will be permitted to testify about Plaintiff's statement under the present sense impression exception to the hearsay rule. However, the testimony of Barbara Bennett, Andrea Wise,

18

Jeff Jones, Ron Rader, and Stephen Page concerning statements made by Plaintiff will be excluded as inadmissible hearsay.

### (7) Evidence and Testimony of Other Incidents or Acts (ECF No. 133)

Defendants have filed a motion (ECF No. 133) to exclude evidence or testimony of other incidents or acts. Specifically, Defendants seek to exclude an R&L Carriers' "driver complaint report," dated March 9, 2005 ("2005 Report") that was part of Clark Mead's employee driver file. (*See* ECF No. 133 at 3). The 2005 Report was generated following a phone call from an individual who observed Mead driving erratically during a snow storm in 2005. (*Id.*). Defendants argue that the 2005 Report is inadmissible character evidence under Rule 404. In the alternative, Defendants argue that the 2005 Report is unfairly prejudicial under Rule 403 and is inadmissible hearsay. (*Id.*). In response, Plaintiff argues that the 2005 Report is relevant to proving Plaintiff's claims against Defendants. (ECF No. 141 at 4).

As explained above, under the Federal Rules of Evidence, evidence must be relevant to be admissible at trial. *See* Fed. R. Evid. 402 (stating that relevant evidence is admissible while irrelevant evidence is not admissible). Rule 401 defines the test for relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. However, even relevant evidence may be excluded under Rule 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Additionally, Rule 404(a) provides, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404. The Advisory Committee's Note to Rule 404(a) explains: "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *See also United States v. Lee*, 612 F. 3d 170, 198 (3d Cir. 2010).

Here, the 2005 Report is inadmissible under Rule 404(a) as character evidence and under Rule 403 because it is prejudicial and substantially outweighs any probative value. In his brief, Plaintiff argues that the Report is relevant to showing that R&L was on notice of Clark Mead's poor driving. (ECF No. 141 at 4-5). However, Plaintiff's claims for direct negligence, including negligent hiring, have been dismissed from the complaint. Thus, the only remaining relevancy of the Report is to show that Mead acted in conformity with his prior conduct, which is clearly prohibited under Rule 404. Having evaluated the 2005 Report under Rules 403 and 404(b), the Court finds that the Report is inadmissible character evidence, and Defendants motion is therefore **GRANTED**. Accordingly, the Court will exclude the Report at this time, without prejudice to Plaintiff seeking to admit the Report at trial for a purpose permitted under the Rules of Evidence.

20

### *(8) Conclusion*

Accordingly, upon consideration of the parties' filings in this matter and the oral argument presented by counsel on March 19, 2015, **IT IS HEREBY ORDERED** that the motions are **GRANTED in part** and **DENIED in part** as follows:

1.     Plaintiff's motion (ECF No. 120) to exclude hearsay conversations between Luke French and Clark Mead is **DENIED**.

2.     Plaintiff's motion (ECF No. 119) to exclude hearsay conversations between James Reese and Clark Mead is **GRANTED**.

3.     Plaintiff's motion (ECF No. 122) to exclude unreliable hearsay testimony of Robert Thomas is **GRANTED**.

4.     Plaintiff's motion (ECF No. 123) to exclude lay witness opinion of Robert Thomas is **GRANTED**.

5.     Plaintiff's motion (ECF No. 125) to exclude hearsay conversation between Linda Mead and Clark Mead is **GRANTED**.

6.     Defendants' motion (ECF No. 136) to exclude hearsay statements from non-party witnesses is **GRANTED** in part and **DENIED** in part. David Desrosiers will be permitted to testify about Plaintiff's statement under the present sense impression exception to the hearsay rule. However, the testimony of Barbara Bennett, Andrea Wise, Jeff Jones, Ron Rader, and Stephen Page concerning statements made by Plaintiff will be excluded as inadmissible hearsay.

7.      Defendants' motion (ECF No. 133) to preclude evidence or testimony of

other incidents or acts is **GRANTED**.

**IT IS FURTHER ORDERED** that, to the extent the parties' motions seek

additional relief, those requests are **DENIED** at this time.

**IT IS SO ORDERED** this _12th_ day of June 2015.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**