IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. PRESCOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R&L TRANSFER, INC., GREENWOOD, ) <br> MOTOR LINES d/b/a R&L CARRIERS, ) <br> and R&L CARRIERS SHARED ) <br> SERVICES, LLC, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 3:11-203 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER

I. Introduction

Pending before the Court in this matter are two motions: (1) Plaintiff's motion (ECF Nos. 215 ) for reconsideration of this Court's Order docketed at ECF No. 214, and (2) Plaintiff's motion (ECF No. 217) for reconsideration of this Court's Order docketed at ECF No. 216. Defendants filed a single response in opposition to both motions. (ECF No. 218). The motions have been fully briefed and are now ripe for disposition. For the reasons stated below, the Court will **DENY** Plaintiff's motions for reconsideration.

II. Background

This case arises from personal injuries sustained by Plaintiff after the tractor-trailer that he was driving left the roadway and crashed in an embankment. Plaintiff alleges that Clark Mead, an employee of R&L who was also driving a tractor-trailer, forced Plaintiff off the road, causing the accident. The Court previously set forth the relevant background

of this case in its memorandum opinion on the parties' cross-motions for summary judgment. (*See* ECF No. 170 at 2-6). Trial in this matter is currently scheduled to begin on September 8, 2015. (*See* ECF No. 204). The Court has issued seven orders (ECF Nos. 186, 188, 197, 205, 207, 214, and 216) collectively disposing of the parties' thirty motions in limine. Plaintiff now asks the Court to reconsider its rulings concerning three of those motions, docketed at ECF Nos. 120, 190, and 199.

### III. Legal Standard

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F. 3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1998)). A motion for reconsideration may only be granted if the moving party demonstrates at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis*, 591 F. 3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995)); *Max's Seafood Cafe*, 176 F. 3d at 677.

Because courts have a strong interest in the finality of their judgments, a motion for reconsideration is inappropriate to express mere dissatisfaction with a court's previous ruling. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999); *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004) ("dissatisfaction with [a court's] ruling is not a proper basis for reconsideration"). Furthermore, "a motion for reconsideration is not to be used as a means to reargue

matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002); *see also Lazaridis*, 591 F. 3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration"). In other words, it is improper on a motion for reconsideration to restyle or reargue issues previously presented. *Pahler v. City of Wilkes–Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001); *see also Gadley v. Ellis*, No. 3:13-cv-17, 2015 WL 2345619, at *2 (W.D. Pa. May 15, 2015). Instead, motions for reconsideration allow district courts the opportunity to correct their own alleged errors; they do not to provide litigants "a second bite at the apple." *U.S. ex rel. Bartlett v. Ashcroft*, No. 3:04-cv-57, 2014 WL 4187214, at *2 (W.D. Pa. Aug. 21, 2014) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F. 3d 1220, 1231 (3d Cir. 1995)).

IV. Discussion

In accordance with the legal principles set forth above, Plaintiff is entitled to reconsideration of the Court's previous rulings on the motions in limine only if he can establish one of the following three grounds to justify such relief: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Tedford v. Beard*, No. 09-cv-409, 2014 WL 4828873, at *14 (W.D. Pa. Sept. 29, 2014). However, Plaintiff has failed to establish any one of these grounds.

Plaintiff has not claimed that he has any new evidence or additional information. The factual record before the Court is complete and Plaintiff has not offered any new evidence with regard to his motions for reconsideration. Likewise, Plaintiff has not presented the Court with any change in law. Further, Plaintiff has not made a persuasive argument that this Court made a clear error of law or that manifest injustice would result. Instead, Plaintiff has simply reasserted the same arguments made before the Court on the original motions in limine. Accordingly, Plaintiff's motions for reconsideration will be denied because "a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court." *Westfield Ins. v. Detroit Diesel Corp.*, No. 3:10-cv-100, 2013 WL 226883, at *3 (W.D. Pa. Jan. 18, 2013). The Court will briefly address Plaintiff's arguments as to each motion in limine for which he seeks reconsideration.

### A. Testimony of Michael Zabel (ECF No. 190)

In its Order at ECF No. 214, this Court granted Defendants' motion (ECF No. 190) to exclude testimony of Defendants' attorney Michael Zabel. As explained in the Order, the Court will exclude the testimony of Defendants' counsel, Michael Zabel, from the trial in this matter under the attorney-client privilege[1] because the conversation between Zabel

---

[1] The Court set forth the legal principles governing the privilege as follows:

The attorney-client privilege is one of the oldest privileges for confidential communications known to the law. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.; see also Nesselrotte v. Allegheny Energy, Inc.*, 242 F.R.D. 338, 340 (W.D. Pa. 2007). Under Rule 501 of the Federal Rules of Evidence, a district court exercising diversity jurisdiction applies the law of

4

and French constitutes a communication between an attorney and his client, as French is an employee of Defendant R&L and the conversation was made in anticipation of the

---

privilege from the state in which it sits. *Samuelson v. Susen*, 576 F. 2d 546, 549 (3d Cir. 1978). Pennsylvania defines the attorney-client privilege by statute:

> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa. Cons. Stat. Ann. § 5928; *see also Koen Book Distributors, Inc. v. Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, P.C.*, 212 F.R.D. 283, 284 (E.D. Pa. 2002).

The Third Circuit has explained the required elements to establish the attorney-client privilege under Pennsylvania law as follows:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Montgomery Cnty. v. MicroVote Corp.*, 175 F. 3d 296, 301 (3d Cir. 1999); *Kephart v. ABB, Inc.*, No. 2:12-cv-668, 2014 WL 1452020, at *3-5 (W.D. Pa. Apr. 14, 2014); *see also In re Grand Jury Proceeding Impounded*, 241 F. 3d 308, 316 n. 6 (3d Cir. 2001).

To determine whether the attorney-client privilege applies to a particular communication, the threshold inquiry is "whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *In re Spalding*, 203 F. 3d 800, 805 (Fed. Cir. 2000) (citations omitted). In other words, there must be the existence of an attorney-client relationship. The existence of an attorney-client relationship does not necessarily depend upon the payment of fees or upon the execution of a formal contract. *Westinghouse Electric Corp. v. Kerr–McGee Corp.*, 580 F. 2d 1311 (7th Cir. 1978). Rather, the existence of the privilege depends upon the attempt by a party to secure some legal advice or to procure some legal services. *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, 227 F.R.D. 382, 392 (W.D. Pa. 2005).

Under the attorney-client privilege, confidential communications between an attorney and client are privileged from disclosure. Nevertheless, communications made in the known presence of a third party are typically not privileged. *See United States v. Morris*, No. 07-cr-20, 2008 WL 5188826, at *22 (W.D. Pa. Dec. 8, 2008); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 246 F.R.D. 239, 244-45 (W.D. Pa. 2007).

5

present litigation. As explained in the Court's previous order, the conversation at issue meets all of the requirements for attorney-client privilege, and the privilege was not waived in this case.

Plaintiff contends that French was not a client of Attorney Zabel and that the conversation between the two did not involve legal advice. Plaintiff also argues that the privilege was waived. The Court considered these arguments and concluded that Plaintiff's arguments were without merit. Plaintiff has not presented any additional evidence or information nor has he presented any new legal principles that would alter the Court's application of the relevant law.

Plaintiff asserts that it is imperative that he introduce Attorney Zabel's testimony in order to challenge French's testimony. However, Plaintiff may call French's version of events into question in a variety of other ways. For example, Plaintiff can question French regarding whether or not he initially denied having any knowledge of the accident. Plaintiff can also use French's deposition testimony to challenge his credibility. In summary, Plaintiff has not presented a valid basis for this Court to reconsider its previous Order granting Defendant's motion in limine to preclude Plaintiff from calling Defendants' attorney, Michael Zabel, to offer testimony concerning his communications with Luke French, an employee of the Defendant corporation.

**B. Defendants' Responses to Requests for Admissions (ECF No. 199)**

In its Order at ECF No. 214, this Court granted Defendants' motion in limine (ECF No. 199) to preclude evidence of Defendants' responses to Plaintiff's request for

admissions. As explained in the Order, the Court will preclude Plaintiff from introducing Defendants' responses to Plaintiff's requests for admissions numbers 1 through 5.

Plaintiff makes the same arguments that he previously made, and provides no new evidence or legal principles for this Court's consideration. At issue is Defendants' initial responses to certain request for admissions. Plaintiff served his requests for admissions asking Defendants to admit that no R&L driver was at the scene of Plaintiff's accident. (*See* ECF No. 199-1 at 3). As previously noted by the Court, Defendants responded with the following statement to each of these five requested admissions: "Admitted based upon information known to date. Answering Defendants reserve the right to supplement or amend their response as necessary." (*Id.* at 11-12). During its subsequent investigation, Defendants discovered that one of R&L's drivers, Clark Mead, was present at the scene of the accident. Defendants informed Plaintiff of this fact on January 3, 2013, and the parties further developed this fact in subsequent discovery. The Court concluded that Defendants' initial admissions that no R&L driver was present at the scene of Plaintiff's accident appears to have been based on the information available to Defendants at that time. Defendants were careful to qualify their admissions by reserving the right to revise the admissions as more information became available. Once Defendants became aware that one of their drivers, Clark Mead, was indeed present at the scene of the accident, Defendants made that information known to Plaintiff and the parties conducted discovery in accordance with that information.

Thus, the Court concluded that, permitting Plaintiff to use the original admissions to argue that Defendants concealed information would confuse the jury from the ultimate

7

issue in this case and would be unduly prejudicial to Defendants under Rule 403. Plaintiff now contends that he should be permitted to use the admissions to challenge the credibility of Luke French. However,

Accordingly, the Court will preclude Plaintiff from introducing Defendants' responses to Plaintiff's requests for admissions numbers 1 through 5.

### C. Hearsay Conversation between French and Mead (ECF No. 120)

In its Order at ECF No. 217, this Court denied Plaintiff's motion in limine (ECF No. 120) to preclude hearsay conversation that took place between Luke French and Clark Mead. As explained in the Order, the Court will permit Defendant to introduce testimony by French regarding certain statements made by Mead following the accident during a phone conversation as an excited utterance. In its order, the Court reviewed the disputed statements and concluded that the statements were admissible under the excited utterance exception[2] to the hearsay rule.[3]

---

[2] Rule 803(2) provides an exception to the hearsay rule for an "excited utterance" when "[a] statement relating to a startling event or condition [was] made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). For a hearsay statement to qualify as an excited utterance, the party seeking to introduce the statement must show each of the following: (1) a startling event occurred, (2) a statement relating to the circumstances of the startling event was made, (3) the declarant making the statement must have had an opportunity to personally observe the events, and (4) the statement was made before the declarant had time to reflect and fabricate. *Mitchell*, 145 F. 3d at 576 (citation omitted). "The rationale for the excited utterance exception lies in the notion that excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self interest and therefore rendered unreliable." *United States v. Brown*, 254 F. 3d 454, 458 (3d Cir. 2001).

[3] Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible at trial unless otherwise provided by statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 802.

Importantly, this Court reviewed the evidence submitted by the parties and concluded that Mead did not have time to reflect and fabricate before he made his statement to French. Plaintiff disputes this conclusion, arguing that, by the time Mead initiated the phone call to French, he had sufficient opportunity to reflect and fabricate a story. However, as the Court previously noted, Plaintiff's timeline of events is contradicted by the evidence in the record.

The accident occurred at approximately 12:35 a.m. Luke French drove by the accident at approximately 12:45 a.m. and observed Mead's R&L truck parked on the side of the road. During the time that he was at the scene of the accident, Mead, along with two other truck drivers, pulled Plaintiff out of his burning truck and carried him away to safety to await medical personnel. At some point in time, Mead left the scene of the accident in his truck. Mead then placed a phone call to French at 12:58 a.m. The phone records clearly show that only 23 minutes passed between the time that the accident initially occurred and when Mead placed his call to French. Additionally, during that 23 minute window of time, Mead was involved to some extent in aiding the other truck drivers in moving Plaintiff to safety, at which time, Mead observed Plaintiff's traumatic injuries. The shortness of time between Mead's phone call to French and his observations of the accident and the Plaintiff's injuries falls within the time limitation imposed by Rule 803(2). *See United States v. Mitchell*, 145 F. 3d 572, 577 (3d Cir. 1998) (noting that a 40 minute time span might be too long while a 15 to 20 minute time span would not be too long) (collecting cases).

Thus, as the Court previously noted, French's testimony regarding Mead's statements made soon after the accident is admissible as Mead's statements constitute an excited utterance. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

## V. Conclusion

For the reasons set forth above, Plaintiff's motions for reconsideration are both denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. PRESCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:11-203 |
| v. ) | |
| ) | JUDGE KIM R. GIBSON |
| R&L TRANSFER, INC., GREENWOOD, ) | |
| MOTOR LINES d/b/a R&L CARRIERS, ) | |
| and R&L CARRIERS SHARED ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this 31st day of August 2015, upon consideration of Plaintiff's motions (ECF Nos. 215 and 217) for reconsideration, and Defendants' response in opposition, **IT IS HEREBY ORDERED** that, in accordance with the foregoing memorandum opinion, the motions are **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE